**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

    Eugene John DeMarco,                    Chapter 7
                                                            Case No. 22-72630-AST

                               Debtor.
-------------------------------------------------------X

### ORDER DENYING DEBTOR'S OBJECTION TO THE AMENDED PROOF OF CLAIM FILED BY THE OFFICIAL ASSIGNEE

Pending before this Court is the objection ("Objection") of Eugene John DeMarco ("Debtor") to the amended proof of claim ("Amended Claim") filed by the Official Assignee. [Docket No. 106]. In the Objection, Debtor challenges the Amended Claim on the grounds that: (1) the Amended Claim lacks detail regarding how it was calculated; (2) the Official Assignee does not possess a claim; and (3) the Official Assignee may be without authority to act as the agent of creditors for purposes of filing the Amended Claim. For the reasons set forth below the Objection is denied and the Amended Claim is allowed as filed in the currently liquidated amount of at $788,927.90 New Zealand Dollars ("NZD").

*JURISDICTION*

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

*BACKGROUND AND PROCEDURAL HISTORY*

On July 14, 2021, Debtor was adjudicated bankrupt by Order of the High Court of New Zealand.

The Official Assignee functions similarly to a chapter 7 trustee appointed under the Bankruptcy Code. Under New Zealand Law, upon the adjudication of a person as bankrupt, all property belonging to or vested in the bankrupt vests in an assignee, and any rights of the bankrupt in the property are extinguished. *See* Insolvency Act 2006 (NZ) 101(a). Also in New Zealand, the Official Assignee administers all bankruptcies and is an appointed position under the Public Service Act 2020 to administer the Insolvency Act 2006, the insolvency provisions of the Companies Act 1993 and the Criminal Proceeds (Recovery) Act 2009.

Upon Debtor's adjudication as bankrupt in New Zealand:

1. any proceedings of his unsecured creditors to recover any debt that is provable in his New Zealand bankruptcy were halted (s 76 of the Insolvency Act 2006 (NZ)), and his unsecured creditors were required to lodge creditor claims with the Official Assignee as the administrator of the Debtor's bankrupt estate (s 233 of the Insolvency Act 2006 (NZ));

2. the Official Assignee was empowered to secure and sell all of the Debtor's property that vests in the Official Assignee under s 101 and s 102 of the Insolvency Act 2006 (NZ), and to distribute the proceeds of the realizations in accordance with subpart 10 of the Insolvency Act 2006 (NZ); and

3. under s 217 of the Insolvency Act 2006 (NZ), the Official Assignee was conferred all the powers necessary to carry out the functions and duties of the Official Assignee under the Insolvency Act 2006 (NZ), including the particular powers that are specified in the Schedule 1 of the Insolvency Act 2006.

On May 26, 2009, Christoffel Johannes Viljoen ("Viljoen") was appointed as Deputy Assignee under New Zealand Law. [Amended Claim Exhibit "A"]. On June 10, 2019, Anthony Stephan Pullan ("Pullan") was appointed as an Official Assignee under New Zealand Law (collectively Pullan and Viljoen are referred to as the "Official Assignee" or "Foreign Representative"). [Amended Claim Exhibit "A"].

On September 29, 2022, Viljoen commenced this involuntary Chapter 7 case naming Eugene John DeMarco as the Alleged Debtor. [Docket No. 1]. The involuntary petition included two instruments of appointment listing both Viljoen and Pullan as Official Assignees.

On October 21, 2022, this Court issue a Contested Matter Scheduling Order in connection with, *inter alia*, the involuntary petition, and set a status date for November 9, 2022. [Docket No. 12]. One purpose for the status hearing was to determine if the then Alleged Debtor would contest the Involuntary Petition.

On November 1, 2025, the Foreign Representative filed a Notice of Proposed Stipulation between Debtor and the Foreign Representative. [Docket No. 17]. The Court entered the Stipulation and Order, which, *inter alia*, provided for entry of a Chapter 7 order for relief ("Stipulation and Order"). That Stipulation and Order provides, in relevant part:

> "… the Debtor acknowledges that the Foreign Representative has the authority and standing to file the Involuntary Petition and that the Foreign Representative is entitled to the entry of a chapter 7 Order for Relief…" [Docket No. 18 at 3].

On September 7, 2023, this Court issued an order discharging Debtor. [Docket No. 73].

On March 7, 2025, the Official Assignee filed the Amended Claim via an Official Form 410. That claim has been styled Claim 1-2 in this case.

On March 28, 2025, Debtor filed the current Objection. [Docket No. 106].

In response to the Objection, on April 29, 2025, the Official Assignee filed a memorandum of law in opposition and the declaration of Anthony Pullan. [Docket No. 108, 109].

On May 2, 2025, the Debtor filed a reply to the Official Assignee's memorandum of law in opposition and the Pullan Declaration. [Docket No. 110].

On May 6, 2025, a hearing was held on the Objection at which time said Objection was marked as submitted.

*DISCUSSION*

As a threshold matter, this Court will address Debtor's arguments that the Official Assignee does not hold a claim, and that the Official Assignee may be without authority to act as the agent of creditors for purposes of filing the Amended Claim.

Under 11 U.S.C. § 303(a) "[a]n involuntary case may be commenced… under chapter 7… against a person…" 11 U.S.C. § 303(a). "An involuntary case against a person is commenced by the filing… of a petition under chapter 7… by a foreign representative of the estate in a foreign proceeding concerning such person." 11 U.S.C. § 303(b)(4). "[U]ntil an order for relief in the case… the debtor may continue to use, acquire, or dispose of property as if an involuntary case… had not been commenced." 11 U.S.C. § 303(f). "The debtor… may file an answer to the petition…" 11 U.S.C. § 303(d).

Given that Debtor acknowledged in the Stipulation and Order that the Official Assignee "has the authority and standing to file the Involuntary Petition and…" is "entitled to the entry of a[n]… Order for Relief", this Court finds that the second and third contentions of Debtor that the Official Assignee is without authority to act as the agent of creditors are entirely without merit.

The Stipulation and Order was duly executed by the Parties voluntarily and freely, and there is nothing in the Objection to indicate the Stipulation and Order was the product of fraud, mistake or coercion. *See Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) (upholding stipulation where plaintiff "signed a stipulation dismissing the complaint with prejudice and the plaintiff is bound by that stipulation."); *Jin Han Kim as trustee for Hanjin Shipping Co. v. Port Transp. Inc. Prods. Co.*, 433 F. Supp. 3d 620, 623 (D.N.J. 2019) (finding party whose representatives had indicated their agreement to the terms set forth in written stipulation would be deemed bound

thereby, even in the absence of party's signature on the written stipulation, given lack of evidence of any fraud or of other compelling circumstance that prevented enforcement of stipulation).

Thus, the only contention in the Objection left for this Court to decide is that the Amended Claim "… is devoid of any explanation of how… [it] was calculated…" This assertion is also without merit.

I.   LEGAL STANDARD

"After the commencement of a bankruptcy case, a debtor's creditors are entitled to file a proof of claim documenting their right to receive payment from the debtor's estate." *In re Taranto*, No. 10-76041-ast, 2012 Bankr. LEXIS 1320, at *17 (U.S. Bankr. E.D.N.Y. Mar. 27, 2012) (*citing In re King*, 2010 Bankr. LEXIS 3830, 2010 WL 4290527, at *5 (Bankr. E.D.N.Y. Oct. 20, 2010)) (*citing In re Peterson*, 2009 Bankr. LEXIS 2099, 2009 WL 994945, at *4 (Bankr. N.D. Ill. Apr. 10, 2009)); *see Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 167 L. Ed. 2d 178, (2007)); see also 11 U.S.C. § 101(5)(A); FED. R. BANKR. P. 3003(c)(1). Once a proof of claim has been filed under 11 U.S.C. § 501, it "is deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). "A proof of claim that complies with the filing and documentary requirements of Federal Rule of Bankruptcy Procedure 3001 and Official Form 10 'shall constitute prima facie evidence of the validity and amount of the claim.'" *Taranto*, 2012 Bankr. LEXIS 1320, at *17 (*citing King*, 2010 Bankr. LEXIS 3830, 2010 WL 4290527, at *5 (citing FED. R. BANKR. P. 3001(f))).

The objecting party bears the burden of putting forth sufficient evidence to rebut the prima facie validity of the claim. *Taranto*, 2012 Bankr. LEXIS 1320, at *18 (*citing Primavera Familienstiftung v. Askin*, 130 F. Supp. 2d 450, 540 (S.D.N.Y. 2001)) (*citing In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997)), aff'd, 221 B.R. 692 (S.D.N.Y. 1998),

aff'd, 173 F.3d 846 (2d Cir. 1999). The ultimate burden of proof, however, always lies with the claimant. *Primavera Familienstiftung*, 130 F. Supp. 2d at 540; *see generally, Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000). As established in *Raleigh*, bankruptcy courts should apply the burden of proof standards in the same manner as non-bankruptcy courts would apply the burden of proof standards under non-bankruptcy law, since the burden of proof is a substantive aspect of the claims allowance process. *Id.* at 20-21.

II. **THE AMENDED PROOF OF CLAIM COMPLIES WITH THE FILING AND DOCUMENTARY REQUIREMENTS OF FRBP 3001 AND OFFICIAL FORM 10**

As correctly noted by the Official Assignee, there is no requirement that a proof of claim be detailed as to how its amount was calculated. Rather, under 11 U.S.C. § 3001(c)(1) "… when a claim… is based on a writing, a copy of the writing shall be filed with the proof of claim." 11 U.S.C. § 3001(c)(1). Moreover, a proof of claim executed and filed in accordance with 11 U.S.C. § 3001 constitutes prima facie evidence of the validity and amount of the claim.

A copy of the Order of Adjudication as Bankrupt is attached to the Amended Claim as Exhibit "E." As discussed previously, the Official Assignee is an appointed fiduciary of the bankrupt estate under New Zealand law. A copy of the instruments of appointment of Viljoen and Pullan as Official Assignee's is attached to the Amended Claim as Exhibit "A."

Since the Debtor has failed to challenge the Official Assignee's compliance with 11 U.S.C. § 3001, he has failed to put forth sufficient evidence to rebut the prima facie validity of the Amended Claim.

III. **THE AMENDED CLAIM IS ALLOWED IN THE LIQUIDATED AMOUNT OF $788,927.90 NZD**

The declaration of Pullan further details how the Amended Claim was calculated. [Docket No. 109]. In the New Zealand Bankruptcy Proceeding, the Official Assignee has identified and allowed the following creditor claims:

| Name | Allowed Amount in NZD |
|---|---|
| Hugh Anderson | $325,812.25 |
| Hugh Anderson | $7,677.25 |
| Hugh Anderson | $7,174.57 |
| ANZ Bank New Zealand Limtied | $15,262.34 |
| Westpac New Zealand Limited | $10,262.26 |
| Bank of New Zealand c/- Collection House/CLH Lawyers | $19,584.30 |
| American Express c/- Indebted NZ Limited | $5,236.55 |
| Hugh Anderson | $1,434.00 |
| The Vintage Aviator Limited | $2,05,304.82 |
| Oliver Wulff | $68.317.00 |
| **Total Amount of Allowed Claims** | **$2,514,065.34** |

Like other bankruptcy proceedings, the New Zealand bankruptcy proceeding has incurred costs of administration which are paid in first priority and before any other creditor claims. The administration costs are currently $932,750.52 NZD,

The Official Assignee has made the following recoveries in the New Zealand bankruptcy proceeding:

| Description | Amount Recovered in NZD |
|---|---|
| Income Tax Refund | $325,812.25 |
| Settlement of the P-40 Profit Share Right | $7,677.25 |
| Recovery from the Corsair (less sale costs and payment of NZD $720,000 NZD Secured Sum) | $1,120,195.45 |
| Monies held in Assignee's Trust Account | $179.70 |
| Anticipated Recovery for Floatplane Settlement | $50,000.00 |
| **Total Recoveries** | **$1,499,288.29** |

In total, the Official Assignee has identified and allowed claims, less credits, totaling $3,235,467.52 NZD. Despite this, the Amended Claim seeks an amount not less than $788,927.90 NZD. Thus, the Amended Claim is allowed in the presently liquidated amount of $788,927.90

NZD. This allowance is without prejudice to the Official Assignee amending the Amended Claim if done in conformity with applicable US bankruptcy law and federal bankruptcy rules.

*CONCLUSION*

Therefore, based on the record as a whole and for the reasons set forth above it is hereby;

ORDERED, that the Objection is overruled; and it is further

ORDERED, the amount of the Amended Claim is allowed in the presently liquidated amount of $788,927.90 NZD.



Dated: May 29, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge